Brian F. Kenney (VSB #23199)
Miles & Stockbridge P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA 22102
Phone: (703) 610-8664
Fax:    (703) 610-8686
E-Mail: bkenney@milesstockbridge.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| JACQUELINE ANN BOGLE, | : | Case No. 00-12477-RGM |
| | : | |
| Debtor. | : | Chapter 7 |
| | : | |

**DEBTOR'S MOTION TO REOPEN BANKRUPTCY CASE,
PURSUANT TO 11 U.S.C. 350(b), IN ORDER TO LIST AN ADDITIONAL ASSET**

Debtor, Jacqueline Ann Bogle, now Jacqueline Ann Bogle Meuse (the "Debtor"), by counsel, respectfully requests, pursuant to 11 U.S.C. 350(b), to reopen her bankruptcy case to amend Schedule B in order to list an additional asset.

**Introduction**

1. On June 5, 2000, Debtor filed her voluntary petition under Chapter 7.

2. On or about September 16, 2000, this Court discharged the Debtor's debts. On or about September 19, 2000, this case was closed.

3. At the time she filed for bankruptcy, the Debtor was the beneficiary of a trust ("Trust") created by an Irrevocable Trust Agreement – Jacqueline A. Bogle Trust, dated September 17, 1980, between John B. Bogle and Dennis I. Meyer and Ralph Jewell ("Trust Agreement"). A copy of the Trust Agreement is attached as <u>Exhibit 1.</u>

4. The Trust owned ten (10) shares of non-voting common stock of Bogle Industries, Inc. ("Ten Shares"), as evidenced by the stock certificate ("Stock Certificate"), dated October 20, 1980, attached as Exhibit 2. The Stock Certificate indicates that there are 30 shares of common stock and 4,000 shares of preferred stock.

5. The Debtor was a teenager at the time the Trust was created and was not fully advised regarding the terms of the Trust. Although she was aware in general terms that the Trust existed, she (i) did not understand the legal significance of being a beneficiary of a Trust, (ii) was unaware of the specific terms of the Trust, and (iii) until recently (Spring of 2007), did not have a copy of the Trust Agreement.

6. As a result, she did not list the Trust on line 19 of Schedule B of her Bankruptcy Petition which required the listing of "interests" in an "estate of a decedent, death benefit plan, life insurance policy, or trust." Nor did she list the Ten Shares on line 12 of Schedule B of her Bankruptcy Petition because it was her understanding that she did not own the Ten Shares at the time of her bankruptcy filing, and that they were still held in the Trust.

7. The Debtor has recently learned that, pursuant to paragraph 2 of the Trust Agreement, the Trust terminated on July 1, 1995 and the Ten Shares were to be distributed to the Debtor. Apparently, the Trustee of the Trust did not formally request that the Ten Shares be transferred to the Debtor until May 31, 2007. A letter evidencing this request is attached as Exhibit 3.

8. The Debtor did not intend to mislead her creditors as to her assets. Having inadvertently failed to disclose an asset, the Debtor now seeks to amend Schedule B to disclose her ownership of the Ten Shares. A copy of the proposed amended Schedule B is attached as Exhibit 4.

9. Although the value of the Ten Shares has not yet been determined, the Debtor represents that she will be able to pay the creditors their respective claims 100 cents on the dollar, before the re-opened bankruptcy case is closed.

### Argument

Pursuant to 11 U.S.C. 350(b), "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The decision to reopen a case is within the bankruptcy court's discretion and many courts have held that a bankruptcy court does not abuse its discretion when it reopens a closed case to administer newly-discovered assets. *In re Plumlee*, 236 B.R. 606, 610 (E.D.Va. 1999). There is no fixed time limit on a bankruptcy court's ability to reopen a closed case. *Id.*

The Debtor requests that the Court reopen her bankruptcy case so that she may file an amended Schedule B listing the Ten Shares. Not only will reopening the case not result in any prejudice to the Debtor's creditors, it will result in the creditors being paid in full.

### Conclusion

For the foregoing reasons, the Debtor requests that the Court enter an order:

A. Reopening this bankruptcy case and permitting the Debtor to file the amended Schedule B attached as Exhibit 3 to this Motion;

B. Granting such other and further relief as the Court may deem appropriate in connection herewith.

Respectfully submitted,

JACQUELINE ANN BOGLE
By Counsel

**Miles & Stockbridge P.C.**
1751 Pinnacle Drive, Suite 500
McLean, VA 22102
Phone: (703) 903-9000
Fax:    (703) 610-8670 or 8686

By:       */s/ Brian F. Kenney*
        Brian F. Kenney (VSB #23199)
        *Counsel for the Debtor*

# **CERTIFICATE OF SERVICE**

I hereby certify that I caused to be served by first-class mail, postage prepaid, a true and accurate copy of the foregoing this 2nd day of July, 2007, to the following persons:

Donald F. King, Trustee
Odin, Feldman & Pittleman
9302 Lee Highway, Suite 1100
Fairfax, Virginia 22031

Office of the U.S. Trustee
115 S. Union Street, #206
Alexandria, VA 22314

Sprint
c/o Harvard Collection Service
4839 N. Elsten Avenue
Chicago, IL 60630

Jim Chambliss, Esq.
30 Bechmark Road
Suite 209
Avon, CO 81620

Providian Financial
P.O. Box 9539
Manchester, NH 03108

Washington Post
P.O. Box 1345
Annandale, VA 22003-9345

Allstate Insurance Co.
Credit Collection Services
Two Wells Ave.
Newton Center, MA 02459

NCO Financial Systems, Inc.
P.O. Box 7627
Fort Washington, PA 19034

Robert C. Lepome, Esq.
330 South Third Street, #1070
Las Vegas, NV 89101

5

Weingarten Nostat, Inc.
c/o Bob Olsen, Esq.
233 South Fourth Street, #200
Las Vegas, NV 89101

Thomas P. Gorman
Tyler, Bartl, Garman & Ramsdell, PLC
700 South Washington Street, Suite 216
Alexandria, VA 22314

                                                */s/ Brian F. Kenney*
                                                Brian F. Kenney